Patrick M. Flatley
United States Bankruptcy Judge

Dated: Sunday, July 21, 2013 1:46:59 PM

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BARBARA A. MILLER, ) | Case No. 04-3365 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| ) | |
| ROBERT W. TRUMBLE, TRUSTEE OF ) | |
| THE BANKRUPTCY ESTATE OF ) | |
| BARBARA A. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 10-136 |
| ) | |
| D. MICHAEL BURKE; BARRY J. NACE; ) | |
| BURKE, SHULTZ, HARMAN AND ) | |
| JENKINSON; AND PAULSON & NACE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### MEMORANDUM OPINION

Robert W. Trumble, the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Barbara Ann Miller ("Debtor") filed a complaint against D. Michael Burke, Barry J. Nace, and their respective law firms (collectively, the "Defendants") to recover from the Defendants for their alleged breach of an employment contract with the Estate and legal negligence. Pending before the court are two motions filed by the Defendants: a motion in this bankruptcy case to set aside the court's March 4, 2005 order authorizing their employment ("Motion to Vacate"); and a motion for

1

summary judgment in this adversary proceeding.[1]

For the reasons stated herein, the court will deny the Defendants' Motion to Vacate and the Defendants' motion for summary judgment.

## BACKGROUND

On September 27, 2004, the Debtor filed her Chapter 7 voluntary petition. On line 17 of Schedule B, the Debtor listed her interest in a "Malpractice Suit in re: deceased husband (D. Michael Burke, Attorney)" ("Wrongful Death Claim"). The Debtor assigned to that interest an "unknown" value as of the petition date and similarly claimed an exemption in the Wrongful Death Claim under W. Va. Code § 38-10-4(a) in an "unknown" amount.[2] The Debtor did not disclose on Schedule A any interest in real property and disclosed on Schedule B only a negligible amount — notwithstanding the unknown value of the malpractice suit — of personal property, her interest in which she exempted on Schedule C. The Trustee did not object to the Debtor's claimed exemption in the Wrongful Death Claim.

On October 21, 2004, the Trustee conducted the meeting of creditors in accordance with 11 U.S.C. § 341(a), and the Debtor received her Chapter 7 discharge on December 21, 2004. The Trustee subsequently designated this case as one that contained assets to be administered for the benefit of creditors of the Estate. On January 13, 2005, the Clerk of Court notified the Estate's creditors of the need to file proofs of claim; proofs of claim were due by April 13, 2005.

On March 3, 2005, the Trustee filed an application to employ the Defendants "to pursue the Debtor's personal injury claim as a result of a vehicular accident, under a contingency fee arrangement with the same terms and conditions . . . as more fully set forth in the contingency fee

---

[1] The Defendants originally filed their Motion to Vacate in this proceeding. On June 6, 2013, the Defendants filed a duplicate motion in the main bankruptcy case because they believe that since the order that they seek to have vacated was entered in the bankruptcy case, consideration of their Motion to Vacate should likewise occur in the bankruptcy case. The court will therefore deny as moot the Motion to Vacate filed in the adversary proceeding and adjudge the Motion to Vacate in the context of the main bankruptcy case.

[2] West Virginia Code § 38-10-4(a) provides, in pertinent part, that a bankrupt debtor may exempt her "interest, not to exceed twenty-five thousand dollars in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . ."

2


No. 3:10-ap-00136   Doc 157   Filed 07/21/13   Entered 07/21/13 13:53:51   Page 3 of 11

contract attached [to the application to employ]," which was approved by the court pursuant to an order entered on March 4, 2005. The Contract of Employment and Authority to Represent that was attached to the Trustee's application to employ was between Mr. Burke and the Debtor, as administratrix of the Estate of Paul D. Miller. Pursuant to that contract, Mr. Burke was to receive 40% of all sums collected. The record shows that there was considerable imprecision regarding the identification of the Wrongful Death Claim in conjunction with its appearance on the Debtor's bankruptcy schedules and its characterization in the materials connected with the motion to employ. Ultimately, it came to life as a lawsuit claiming the death of the Debtor's husband due to medical malpractice and naming the Debtor as plaintiff in her own right and as the designated representative of her husband's estate.[3]

In September of 2006, Ms. Miller reached a $75,000 partial settlement of the Wrongful Death Claim with one of the medical malpractice defendants. On November 9, 2006, the Defendants obtained a $500,000 verdict in the Debtor's favor. Upon receiving the proceeds flowing from the verdict, the Defendants deducted their 40% fee and remitted the remainder to the Debtor. The Defendants' failure to remit any of the funds to the Trustee recovered as a result of the Wrongful Death Claim precipitated the filing of this adversary proceeding and a parallel bar disciplinary proceeding against the Defendants.[4]

## DISCUSSION

The Defendants seek to vacate the March 4, 2005 order employing them on the basis that it is void for lack of subject-matter jurisdiction. The Defendants likewise seek summary judgment on

---

[3] The Defendant, D. Michael Burke, notified the Debtor on July 25, 2005, that he was withdrawing from his representation of her in connection with the Wrongful Death Claim due to a conflict of interest. However, he failed to notify the Trustee and the court of his withdrawal. The lawsuit continued to its conclusion with Defendant Barry J. Nace as the Debtor's attorney of record.

[4] The Supreme Court of Appeals of West Virginia ("West Virginia Supreme Court") ultimately found that each Defendant was engaged in an attorney-client relationship with the Trustee, and that each of them violated certain provisions of the West Virginia Rules of Professional Conduct in the course of their representation of the Trustee. *Lawyer Disciplinary Bd. v. Burke*, 737 S.E.2d 55 (W. Va. 2012); *Lawyer Disciplinary Bd. v. Nace*, ___ S.E.2d ___, 2013 W. Va. LEXIS 260 (W. Va. 2013).

the Trustee's complaint based upon the Estate not having an interest in the Wrongful Death Claim they were employed to pursue because it was wholly exempted by the Debtor. Although related, the motions present two distinct issues to be resolved by the court: (A) whether the court had jurisdiction to enter its March 4, 2005 order authorizing the Defendants' employment by the Estate; and (B) whether the Trustee's failure to object to the Debtor's claimed exemption in the cause of action divested the Estate of any interest therein such that the Estate was not injured by the Defendants' alleged breach of their duty to the Trustee.

**A. The court's jurisdiction to adjudge the employment application**

The Defendants' Motion to Vacate seeks to have this court set aside its March 4, 2005 order authorizing their employment on the basis that the order is void. They assert that the order must be vacated because the court did not have jurisdiction over the Wrongful Death Claim that was the subject matter of the Trustee's employment application. The Trustee argues that the court properly entered its March 4, 2005 order pursuant to § 327(e) of the Bankruptcy Code; the court had subject-matter jurisdiction over the Wrongful Death Claim; and the Defendants should not now be permitted to challenge the propriety of the court's order.

To be clear, there is no dispute that the court had subject-matter jurisdiction under § 327(e) to determine whether to authorize the Defendants employment as special counsel. *See* 28 U.S.C. §§ 1334(a) and 157(a). Rather, the Defendants assert that the court's March 4, 2005 order must be set aside because the court lacked subject-matter jurisdiction over the Wrongful Death Claim, the pursuit of which necessitated their employment by the Estate. They contend that because the Trustee failed to object to the Debtor's claimed exemption in the Wrongful Death Claim, the court and Estate lost jurisdiction over the asset and thus could not employ the Defendants. The court disagrees.

The court may set aside an order if the order is void. Fed. R. Civ. P. 60(b)(4), made applicable to this case by Fed. R. Bankr. P. 9024. Unlike the other grounds under Fed. R. Civ. P. 60(b), a motion under Fed. R. Civ. P. 60(b)(4) can be brought at any time. *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253, 256-57 (4th Cir. 2001). The concept of a void order under Fed. R. Civ. P. 60(b)(4) is narrowly construed because of the threat to finality of judgments and the risk that litigants will use the rule to circumvent the appeal process. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). And a judgment is "void only if the court that rendered it lacked jurisdiction of the subject

4

matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *ECMC v. Doane (In re Doane)*, 102 Fed.Appx. 312, 314 (4th Cir. 2004). In fact, a lack of subject-matter jurisdiction will not necessarily render a judgment void under Fed. R. Civ. P. 60(b)(4). The jurisdictional error must be egregious before the court will vacate the judgment as void. *Wendt*, 431 F.3d at 413 (citing *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000)) ("A lack of subject matter jurisdiction will not always render a final judgment void under Rule 60(b)(4). Only when the jurisdictional error is egregious will courts treat the judgment as void.").

> Thus, when deciding whether an order is void under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power. A court plainly usurps jurisdiction only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.

*Wendt*, 431 F.3d at 413 (internal citations and quotation marks omitted). As a leading treatise notes, "[i]n the context of Rule 60(b)(4), a lack of subject-matter jurisdiction for the purpose of making a judgment void means a court's lack of jurisdiction over an entire category of cases, not whether a court makes a proper or improper determination of subject-matter jurisdiction in a particular case." 12 *Moore's Federal Practice - Civil* § 60.44[2][a] (Matthew Bender 3d Ed.). "The fact that a court errs in assuming jurisdiction in one individual case is generally not sufficient to make the resulting judgment void for lack of subject-matter jurisdiction." *Id*. at § 60.44[2][b].

Although the Defendants' motion to set aside the court's March 4, 2005 order authorizing their employment by the Estate — employment to which they agreed in the first instance, having supplied affidavits to the Trustee in support of his motion to employ them — comes eight years after the court authorized their employment and almost three years since the Trustee initiated this proceeding, they are not time barred under Rule 60(b)(4). *Heckert,* 272 F.3d at 256-57. Nonetheless, the court will not set aside its March 4, 2005 order.[5]

---

[5] Notably, regarding the Defendants' attorney-client relationship with the Trustee, the West Virginia Supreme Court found that such a relationship, and the duties that naturally flow therefrom, existed in Nace's case even in the absence of this court's order authorizing his employment by the bankruptcy estate. *Nace*, 2013 W. Va. LEXIS 260, at *30 n.10. Although not directly before the Supreme Court, the court assumes the Supreme Court would have found similarly in his Burke's case. The court accepts, as it must, the findings of the Supreme Court in

The Defendants misconstrue the concept of subject-matter jurisdiction as it relates to the court's authority to adjudge employment applications. On March 3, 2005, the Trustee filed his application to employ the Defendants on behalf of the Estate. The Trustee sought to employ the Defendants to pursue a cause of action the success of which the Trustee perceived to benefit the Estate. Based upon the Trustee's application and the Defendants' affidavits attached thereto, the court entered its March 4, 2005 order authorizing the Estate's retention of the Defendants. By entering the order, the court tacitly found subject-matter jurisdiction over the employment application; employment applications on behalf of a bankruptcy estate clearly being a category of relief that bankruptcy courts are empowered to grant and do so on a regular basis. Any error in that regard based on the Wrongful Death Claim being wholly exempted from the Estate is not grounds for the court to set aside its March 4, 2005 order because the court undoubtedly had subject-matter jurisdiction under § 327(e) when it authorized the Defendants' employment by the Estate.[6]

---

that regard; however, the court does not rely on the Supreme Court's finding in reaching its disposition regarding the challenged order of employment in this case.

[6] Moreover, even assuming that the Estate lost a property interest in the Wrongful Death Claim based upon the Trustee's failure to object to the Debtor's claimed exemption therein, that did not divest this court of subject-matter jurisdiction over the Trustee's employment application or the Wrongful Death Claim. In that regard, Congress conferred upon the district court in which a bankruptcy case is commenced exclusive jurisdiction "of all property, wherever located, *of the debtor* as of the commencement of such case, and of property of the estate . . . ." 28 U.S.C. § 1334(e)(1) (emphasis added). This is particularly evident in light of *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), where, as here, the trustee sought to recover from special counsel after he failed to timely object to the debtor's claimed exemption in a pending lawsuit. This jurisdictional grant "was a distinct departure from the jurisdiction conferred under previous Acts, which had been limited to either possession of property by the debtor or consent as a basis for jurisdiction." *Celotex Corp., v. Edwards*, 514 U.S. 300, 308 (1995); *see In re Gunter*, 410 B.R. 178, 181 (Banke. E.D.N.C. 2008) (finding jurisdiction over property of the debtor after such property had been abandoned by the bankruptcy estate).

Here, it is undisputed that the Debtor had at least a partial interest in the Wrongful Death Claim, which would vest this court with jurisdiction over the same as of the petition date. In that regard, the verdict form submitted by the Defendants with their Omnibus Supplemental Brief (Doc. No. 49 in Case No. 04-3365) reflects that the Debtor, individually, was a named plaintiff, and the jury returned in her favor a damages award in the amount of $150,000 for her loss of "society, companionship, comfort, guidance, kindly offices and advice of [her deceased husband]."

6

The fact that the bankruptcy estate may have lacked an interest in the Wrongful Death Claim at the time the Trustee made his application for employment did not divest the court of its power to grant the application. The Defendants were hired as special litigation counsel; their brief was limited to the pursuit of the Wrongful Death Claim. They were not counsel to the Trustee under § 327(a) for general matters regarding the administration of the Estate. As such, their duty was to seek recovery on the Claim. No one, including the Debtor, objected to their retention or the intention of the Trustee to pursue the Wrongful Death Claim. Only after a successful recovery on the Claim, and a demand by the Trustee for proceeds from the litigation, would the issue of the estate's entitlement to all or part of them become ripe. Of course, that is what unfolded. Just as the court did not lack jurisdiction to enter the order of employment, it now possesses the power to rule upon the effect of the exemption upon the Trustee's demand against the Defendants for the recovered Wrongful Death Claim proceeds. Therefore, the court will not vacate its March 4, 2005 order as being void.

**B. The effect of an exemption value of "unknown" for an asset scheduled with an "unknown" value**

Turning to the second issue, the Defendants assert that the United States Supreme Court's holding in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), entitles them to summary judgment because the Trustee, as the representative of the Estate, lost any interest in the proceeds from the Debtor's Wrongful Death Claim when he failed to object to the Debtor's claim of exemptions; they therefore assert that the Trustee's complaint must fail because the Estate suffered no damage as a result of their action. The Trustee argues that the Defendants are not entitled to summary judgment for several reasons: 1) the Defendants are precluded by the doctrines of estoppel and waiver from now asserting that the Estate did not have an interest in the Wrongful Death Action; 2) the Trustee had no obligation to object to the Debtor's exemption because the Debtor did not properly disclose the asset; 3) the court can disallow the exemption under 11 U.S.C. § 105 if it was taken in bad faith; and 4) the exemption provision employed by the Debtor is capped at $25,800 such that that amount was all that the Debtor exempted, leaving any amount beyond that for administration in the Debtor's bankruptcy case.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

7

P. 56(c); Fed. R. Bankr. P. 7056. The moving party bears the burden of demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Procedurally, a party seeking summary judgment must make a prima facie case by showing: 1) the apparent absence of any genuine dispute of material fact; and 2) movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied this burden of proof, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp.,* 477 U.S. at 325. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmovant. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the existence of a factual dispute is material - thereby precluding summary judgment - only if the disputed fact is determinative of the outcome under applicable law. *Id.*; accord *In re Crystal Apparel, Inc.*, 220 B.R. 816, 828 (Bankr. S.D.N.Y. 1998) ("A fact is material only if it affects the results of the proceeding and a fact is in dispute only when the opposing party submits evidence such that a trial would be required to resolve the difference."). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (1986). The court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson,* 477 U.S. at 249-50. If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

Here, the dispute revolves around whether the Debtor exempted 100% of her interest in the Wrongful Death Claim. "When a debtor files a bankruptcy petition, all of the debtor's property becomes property of a bankruptcy estate." *Taylor*, 503 U.S. at 642 (citing 11 U.S.C. § 541). However, a debtor may exempt certain property from the bankruptcy estate, thereby preventing its distribution to creditors. 11 U.S.C. § 522(b)(1); *Taylor*, 503 U.S. at 642. Section 522(*l*) requires a debtor to file a list of the property the debtor claims as exempt. West Virginia opted out of the federal exemption scheme such that a West Virginia debtor may only exempt property from its bankruptcy estate pursuant to West Virginia Code § 38-10-4. *Sheehan v. Peveich*, 574 F.3d 248, 251 (4th Cir. 2009). "Unless a party in interest objects, the property claimed as exempt on such list is

8

exempt." 11 U.S.C. § 522(*l*).  Although § 522(*l*) does not set an objection deadline, Fed. R. Bankr. P. 4003(b) provides that such an objection may be filed within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list of claimed exemptions.  Fed. R. Bankr. P. 4003(b)(1).

In *Taylor*, the trustee failed to timely object to the debtor's claimed exemption but argued that courts may nonetheless invalidate a claimed exemption if the debtor did not have a "reasonably disputable basis for claiming it."  *Taylor*, 503 U.S. at 643.  In rejecting the trustee's argument, the Court held that Fed. R. Bankr. P. 4003(b) indicates by negative implication that parties in interest may not object to a claimed exemption after the 30 days "unless, within such period, further time is granted by the court." *Id*. (quoting Fed. R. Bankr. P. 4003(b)).  Therefore, in the absence of a timely objection, a debtor's claimed exemption, whatever it may be, will be allowed and the subject property will be excluded from the bankruptcy estate regardless of whether a debtor had a "colorable statutory basis for claiming it."  *Id*. at 643-44.

Notably, however, "*Taylor* does not tell us *what* has been claimed as exempt–only that *whatever* has been claimed as exempt is beyond the estate's grasp once the deadline has elapsed." *Barroso-Herrans v. Lugo-Mender (In re Barroso-Herrans)*, 524 F.3d 341, 344 (1st Cir. 2008) (citation omitted) (emphasis in original).  "Just as *Taylor* stands for the narrow proposition that a trustee must object timely to a facially invalid exemption, [*Schwab v. Reilly*, 130 S. Ct. 2652 (2010)] similarly stands for the equally limited proposition that the time limits for objecting to an exemption do not apply if the claimed exemption is valid on its face."  *Massey v. Pappalarado (In re Massey)*, 465 B.R. 720, 726 (B.A.P. 1st Cir. 2012).  *Taylor's* holding, therefore, only applies if what has been claimed as exempt is the full value of the subject asset.  *In re Barroso-Herrans*, 524 F.3d at 344. In determining what a debtor has actually claimed as exempt, and whether the claimed exemptions are objectionable, a Chapter 7 trustee is directed to examine three entries on a debtor's Schedule C: the description of the property in which the debtor is claiming an exemption; the federal or state statute governing the claimed exemptions; and the amounts listed in the column titled "value of claimed exemption." *Schwab*, 130 S. Ct. at 2663.  In that regard, Chapter 7 trustees are not tasked with clarifying every ambiguous exemption claimed by debtors.  *See In re Mercer*, 158 B.R. 886, 888 (Bankr.D.R.I. 1993), *aff'd*, 53 F.3d 1 (1st Cir. 1995) (finding that a Fed. R. Bankr. P. 4003(b)

9

objection is only required when an exemption claim includes unambiguous language indicating the debtor is asserting an exemption claim which would exceed the maximum statutory allowance); *In re Hall*, 453 B.R. 22, 30 (Bankr.D.Mass. 2011) (citation omitted) (same).

Given the facts of this case, the Defendants' reliance on *Taylor* is misplaced. Although the parties in *Taylor* agreed that the debtor was only entitled to exempt a "small portion of the [litigation] proceeds either under state law or under the federal exemptions specified in § 522(d)," *Taylor*, 503 U.S. at 642, the debtor in fact claimed the full amount as exempt.[7] *Id*. The trustee was therefore foreclosed from contesting the exemption after the expiration of Fed. R. Bankr. P. 4003(b)'s 30-day period. *Id*. at 643-44. The Debtor here claimed an exemption in her Wrongful Death Claim under W. Va. Code § 38-10-4(a), commonly referred to as the "homestead exemption," which can be used by a debtor to exempt an interest "not to exceed [$25,000] in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . ." W. Va. Code § 38-10-4(a).[8] Unlike the debtor in *Taylor*, the Debtor here limited the amount of her exemption by employing an exemption provision, albeit a technically incorrect one, that limited the amount of her claimed exemption. The Debtor therefore did not fully exempt the Wrongful Death

---

[7] Although the Court does not offer extensive insight as to how the debtor in *Taylor* claimed the full amount of the lawsuit proceeds as exempt, presumably the exemption was based upon the debtor's use of "unknown" as the "value of the claimed exemption" coupled with the use of "11 U.S.C. § 522(b)(d)" as the statutory basis for claiming such exemption. *See In re Hall*, 453 B.R. at 30 ("Rather, the 'unknown' valuation in *Taylor* was objectionable on its face because the debtor had not otherwise limited the amount of the exemption either through citation to a specific statutory provision or through a circumscribed description of the property."). Importantly, in *Taylor* the parties and the Court accepted as an undisputed proposition that the debtor had in fact claimed the full amount as exempt when she had no basis for doing so. *Taylor*, 503 U.S. at 642. There was thus no ambiguity about the scope of the exemption in *Taylor*; that is markedly different than the case at hand.

[8] The Debtor could have selected the "wildcard" exemption available to her under W. Va. Code § 38-10-4(e) or, perhaps more precisely, the exemption regarding wrongful death proceeds under § 38-10-4(k)(2). Nevertheless, she did not do so and the court is limited to the relevant entries on the Debtor's Schedule C in assessing the legal consequence of the Debtor's claimed exemptions. Moreover, in stark contrast to every other case the court has surveyed in conjunction with this opinion, the Debtor is not before the court having not been made a party to the matter and proceeding under consideration.

Claim in such a way that divested the Estate of an interest therein. *See Stoebner v. Wick (In re Wick)*, 276 F.3d 412, 416 (8th Cir. 2002) ("[W]hen a specific dollar figure given by statute limited the amount of the exemption . . . listing "unknown" does not, by itself, render the [asset] fully exempt."). Such a result is consistent with the Court's analysis regarding exemptions in *Taylor* and *Schwab*; particularly the *Schwab* opinion in which the Court was careful to differentiate the type of the exemption claimed by the Debtor here and those exemptions that permit a debtor to exempt certain assets in full. *See Schwab*, 130 S. Ct. at 2661-62, 2663, 2667, 2668 n.19; *In re Hall*, 453 B.R. at 30-31.

Consequently, because the Trustee did not object to the Debtor's claimed exemption in the Wrongful Death Claim, the exemption stands as claimed. However, for the reasons noted, the Debtor's interest in the claimed exemption is not unlimited based upon the Debtor's use of "unknown" as the "value of the claimed exemption" on Schedule C because the exemption was anchored to an exemption provision with a monetary cap and there is no unambiguous evidence that the Debtor's claimed exemption was intended to exempt the Wrongful Death Claim proceeds in full or even in excess of the maximum statutory allowance chosen by her.

The Defendants are not entitled to summary judgment because the Debtor did not fully exempt the Wrongful Death Claim from the Estate. The Estate, therefore, has an interest in the Wrongful Death Claim proceeds upon which the Trustee's complaint rests.

## CONCLUSION

Based on the foregoing, the court will enter a separate order denying the Defendants' Motion to Vacate. The court will also enter a separate order pursuant to Federal Rule of Civil Procedure 58, made applicable to this proceeding by Fed. R. Bankr. P. 7058, denying the Defendants' motion for summary judgment.[9]

---

[9] Also pending in this adversary proceeding is the Trustee's motion for summary judgment dated November 21, 2011. Given the age of the motion and the procedural course this proceeding has taken as of late, the court will also deny without prejudice the Trustee's motion for summary judgment.